UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAULO CESAR DA SILVA on behalf of himself and all others similarly situated, | **COMPLAINT** |
| Plaintiff, | |
| -against- | **FLSA COLLECTIVE ACTION** |
| NJ NAWECH CONSTRUCTION SERVICES LLC, AMARU SAVIO NAWECH ANKUASH, and VANHORST GENERAL CONTRACTORS, LLC, | |
| Defendants. | |

Plaintiff PAULO CESAR DA SILVA ("Plaintiff"), by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.        Plaintiff brings this action, on behalf of himself and others similarly situated, against NJ NAWECH CONSTRUCTION SERVICES LLC, AMARU SAVIO NAWECH ANKUASH, and VANHORST GENERAL CONTRACTORS, LLC, ("Defendants"), to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiff seeks, for himself and all others similarly situated, declaratory and injunctive relief, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.

## PARTIES

6.      Plaintiff PAULO CESAR DA SILVA ("Plaintiff") is the Plaintiff in this case.

7.      Defendant NJ NAWECH CONSTRUCTION SERVICES, LLC ("NJ Nawech") is a New Jersey Limited Liability Company with its main business address at 1200 Frank E Rodgers Blvd. South, Harrison, NJ, 07029.

8.      At all times relevant hereto, Defendant AMARU SAVIO NAWECH ANKUASH ("Savio") has been the Manager, Member, and Owner of NJ Nawech. As Manager, Member, and Owner of NJ Nawech, Savio had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants, including Plaintiff and others similarly situated.

9.      Defendant VANHORST GENERAL CONTRACTORS, LLC ("Vanhorst") is a Connecticut Limited Liability Company with its main business address at 17 Nelson Stret, East Hartford, CT, 06033.

10.     Defendants NJ Nawech, Savio, Vanhorst are hereinafter collectively referred to as "Defendants".

11.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

12.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) &(s) of the FLSA, 29 U.S.C. § 203(r)&(s).

13.     At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective Plaintiffs, who regularly were employed by Defendants' enterprise

engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

14.     At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

15.     At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

16.     At all times relevant hereto, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

17.     Defendants operate a commercial construction and general contracting business.

18.     Plaintiff and the FLSA Collective Plaintiffs are construction workers employed by Defendants to work on Defendants' various construction projects in various states, including in Florida, Virginia, Connecticut, and Massachusetts.

19.     Defendants assigned Plaintiff and the FLSA Collective Plaintiffs to perform various construction related duties.

20.     At the request of Vanhorst, Defendants NJ Nawech and Savio moved Plaintiff and the FLSA Collective Plaintiffs from location to location, where they worked for one week to a month or more at a time.

21.     Defendants NJ Nawech and Savio regularly issued pay to Plaintiff and the FLSA Collective Plaintiffs.

3

22.     Defendants paid Plaintiff and the FLSA Collective Plaintiffs at hourly rates of $16 to $25 per hour.

23.     Defendants controlled the scheduling of Plaintiff and the FLSA Collective Plaintiffs and would regularly issue job assignments, instructions, and orders to Plaintiff and the FLSA Collective Plaintiffs, as well as which job site/location they were to report to and what hours they were supposed to work.

24.     Defendants regularly scheduled Plaintiff and the FLSA Collective Plaintiffs to work seven (7) days per week

25.     Defendants generally scheduled Plaintiff and the FLSA Collective Plaintiffs to work ten or eleven hours a day, either from 6:00 AM to 4:00 or 5:00 PM, or from 9:00 PM to 7:00 or 8:00 AM if they worked the overnight shift.

26.     Plaintiff and the FLSA Collective Plaintiffs regularly worked extra hours beyond their scheduled shifts, often until 6:00/7:00/8:00 PM, due to the heavy work load.

27.      Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs for all the hours that they worked past the end of their scheduled shifts.

28.      Defendants only paid Plaintiff and the FLSA Collective Plaintiffs for some – but not all – of the hours they worked for Defendants.

29.      Defendants did not compensate Plaintiff and the FLSA Collective Plaintiffs for all the time they worked for Defendants.

30.     Despite Plaintiff and the FLSA Collective Plaintiffs regularly working more than 40 hours per week, Defendants did not compensate Plaintiff and the FLSA Collective Plaintiffs at the lawful overtime rate of one and one-half times their regular hourly rate of pay for all of the hours they worked in excess of forty (40) hours in a workweek.

4

31.     Defendants failed to keep accurate and sufficient time records as required by federal and state laws.

32.     Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

33.     Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

34.     Defendants' record keeping and notice violations prevented Plaintiff and the FLSA Collective Plaintiffs from knowing their legal rights and from figuring out exactly how many hours Defendants failed to compensate them for.

35.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid wages for all of their hours worked and overtime premiums for all hours worked in excess of forty (40) hours in a workweek.  Defendants knew that the nonpayment of their wages and overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA.

36.     Defendants committed the foregoing acts knowingly, intentionally, and willfully against Plaintiff and the FLSA Collective Plaintiffs.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

37.     Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers who worked for Defendants as an hourly construction worker, employed by Defendants on or after the date that is three years prior

to the filing of this Complaint to the entry of judgment in this case.  All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

38.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of willfully failing and refusing to pay them at least one-and-one-half (1-1/2) times their regular hourly rates of pay for work performed for Defendants in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

39.     Other non-exempt workers assigned to work as an hourly construction worker for Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

40.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)**

41.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

42.     Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). See Exhibit A attached hereto.

43.     At all times relevant hereto, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

44.     At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the wages and overtime compensation owed to their employees for all hours worked, including hours worked in excess of forty (40) hours per workweek.

45.     At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutorily required overtime rates for hours worked in excess of forty (40) hours per workweek.

46.     Defendants' violations were willful and a three (3) year limitations period should apply under 29 U.S.C. § 255(a).

47.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damage in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, prays for relief as follows:

(a)     Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency

of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Designation of Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

(c)     An award of unpaid wages and overtime compensation, according to proof, including FLSA liquidated damages, to be paid by Defendants.

(d)     Costs of action incurred herein, including expert fees.

(e)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

(f)     Pre-judgment and post-judgment interest, as provided by law; and

(g)     Such other legal and equitable relief as this Court deems necessary, just, and proper.

Dated: January 8, 2023

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____
David Harrison, Esq.
Julie Salwen, Esq.
dharrison@nynjemploymentlaw.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorney for Plaintiff & FLSA Collective Members*

# EXHIBIT "A"

Soy una empleada actual o anterior de NJ NAWECH CONSTRUCTION SERVICES LLC. y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

12/24/2022

Firmado este _____ dia de _____.

DocuSigned by:

DA398AA84A90404...

_____

Firma

Paulo César Delgado da Silva

_____

Nombre legal completo (deletreado)