UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAULO CESAR DA SILVA** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**NJ NAWECH CONSTRUCTION SERVICES LLC, AMARU SAVIO NAWECH ANKUASH, and VANHORST GENERAL CONTRACTORS, LLC,**<br><br>*Defendants.* | No. 23-00097<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Paulo Cesar da Silva's ("Plaintiff"), on behalf of himself and all others similarly situated, unopposed Motion for the Entry of Default Judgment, ECF No. 12, against Defendants NJ Nawech Construction Services LLC ("NJ Nawech"), Amaru Savio Nawech Ankuash ("Savio"), and Vanhorst General Contractors, LLC ("Vanhorst," and collectively, "Defendants");

and it appearing that this action arises out of Defendants' failure to pay Plaintiff overtime in accordance with the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq., see Compl., ECF No. 1;[1]

and it appearing that that the relief sought by Plaintiff against Defendants includes award of unpaid wages and overtime compensation, according to proof, including FLSA liquidated damages, pre- and post-judgment interest, attorney's fees, and costs of the action, see id. at 8;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that on January 12, 2023, the Clerk of the Court issued a summons, ECF No. 3, and that Defendants were properly served, see ECF Nos. 4–6;

and it appearing that on May 17, 2023, the Clerk of Court entered default against all Defendants, see Docket;

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether Plaintiff properly served Defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that jurisdiction is proper because there is a federal question before the Court, see 28 U.S.C. § 1331;

and it appearing that the Court has personal jurisdiction over Defendants NJ Nawech, an entity based in New Jersey, and Savio, an individual residing in New Jersey, see Compl. ¶¶ 7–8; ECF Nos. 4–5;[2]

and it appearing that venue is proper in the district of New Jersey pursuant to 28 U.S.C. § 1391, and it appearing that service and notice to Defendants NJ Nawech and Savio was proper per New Jersey Court Rule 4:4-4(a)(1) and 4(a)(6);

and it appearing that Defendants NJ Nawech and Savio have failed to respond to the Complaint, see generally Docket;

and it appearing that to prevail on an FLSA claim, a plaintiff must allege that (1) he was an employee of the defendant; (2) the defendant was "engaged in commerce"; and (3) the defendant failed to pay the federal minimum wage or overtime compensation for hours worked in

---

[2] Plaintiff has not demonstrated personal jurisdiction over Vanhorst, a Connecticut company, which requested Plaintiff to work in various states other than New Jersey. See Compl. ¶¶ 18–20.

excess of forty in a given week. See Perez v. Express Scripts, Inc., No. 19-7752, 2020 WL 7654305, at *2 (D.N.J. Dec. 23, 2020) (citations omitted); 29 U.S.C. §§ 206, 207, 216(b);

and it appearing that once a plaintiff establishes an employer-employee relationship,[3] the burden shifts to the defendant to prove its "entitlement to any exemptions or exceptions." Clews v. County of Schuylkill, 12 F.4th 353, 359 (3d Cir. 2021);

and it appearing that Plaintiff sufficiently alleges an FLSA claim, establishing that he was an employee for Defendants NJ Nawech and Savio, worked in excess of forty hours in a given week, and was not compensated accordingly, see Compl.;

and it appearing that before entering default judgment, the Court must also consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default, Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008);

and it appearing that Defendants NJ Nawech and Savio do not have a meritorious defense because they "[have] not responded and the record does not support any defenses," J & J Sports Prods. v. Tibiri-Tabara, LLC, No. 18-8819, 2019 WL 3402494, at *4 (D.N.J. July 26, 2019) (internal citation and quotation marks omitted);

and it appearing that Plaintiff will suffer prejudice absent entry of default judgment, as he would have no other means of obtaining relief, see Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013);

---

[3] The FLSA defines "employer" to include . . . "any person . . . acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  A "single individual may stand in the relation of an employee to two or more employers at the same time." In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig., 683 F.3d 462, 467-68 (3d Cir. 2012).  Further, an individual supervisor may qualify as an "employer" if he "exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 153 (3d Cir. 2014) (citation omitted).  Here, Plaintiff has demonstrated that Defendants NJ Nawech and Savio have acted as employers. See generally Compl.

and it appearing that Defendants NJ Nawech and Savio's "failure to respond permits the Court to draw an inference of culpability on [their] part," id.;

and it appearing that entry of a default judgment against Defendants NJ Nawech and Savio is therefore proper;

and it appearing that while Plaintiff does not possess Defendants NJ Nawech and Savio's timekeeping records, he has estimated overtime owed for regular hours and overtime owed for time-and-a-half rate, for a total of $8,768; and liquidated damages in the amount of $8,768, see Plf.'s Br., ECF No. 14, at 7; Decl. of Paulo Cesar da Silva, ECF No. 13 at 3–4;

and it appearing that Plaintiff calculated this based on his normal rate of $16 per hour, id.;

and it appearing that based on Plaintiff's good-faith calculations, he is entitled to $17,536 in unpaid overtime wages and liquidated damages, id.;

and it appearing that the Court may award attorneys' fees and costs, see 29 U.S.C. § 216;

and it appearing that with supporting documentation, Plaintiff requests $8,505 for attorney's fees and $657 in costs, see Pl.'s Br. at 8–9; Decl. of David Harrison, ECF No. 13, which appears reasonable;

**IT IS** on this 30th day of April, 2024;

**ORDERED** that the Judgment rendered by the Court on this day in favor of Plaintiff Paulo Cesar da Silva is entered as a final judgment against Defendants Nawech Construction Services LLC and Amaru Savio Nawech Ankuash, jointly and severally, and the Clerk of the Court is directed to enter such judgment forthwith.[4]

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[4] Within 30 days of this Order, Plaintiff shall submit an affidavit demonstrating personal jurisdiction over Vanhorst, or the case against Vanhorst will be dismissed without prejudice.